**Anne McADAMS, Individually and as Administratrix of the Estate of Terri Anne McAdams, Appellant,**

v.

**CAPITOL PRODUCTS CORPORATION, Appellee,**

v.

**DNS INDUSTRIES, INC., Appellee.**

No. 2–89–042–CV.

Court of Appeals of Texas, Fort Worth.

May 15, 1991.

Rehearing Overruled July 17, 1991.

Chappell & Handy, D. Gerry Orth, David J. Escobar and Michael Hrabal, Fort Worth, for appellant.

Thompson & Knight, David S. Kidder, Rachelle H. Glazer, Stephen L. Tatum and Debora Beck McWilliams, Dallas, for Capitol.

Boggess & David and Jeff R. Boggess, Irving, for DNS.

Before HILL and FARRIS, JJ.

## OPINION ON REHEARING

HILL, Justice.

Anne McAdams, the appellant, and Capitol Products Corporation, one of the appellees, have brought motions for rehearing with respect to our opinion of July 3, 1990. We grant the motions for rehearing and substitute this opinion for that opinion.

Anne McAdams, individually and as administratrix of the estate of Terri Anne McAdams, appeals from a take-nothing judgment in favor of Capitol Products Corporation and DNS Industries, a third-party defendant. McAdams brought this suit against Capitol, the manufacturer of the sliding glass door of the apartment that was occupied by her daughter Terri when Terri was raped and murdered in the apartment. Capitol in turn brought a third-party action against DNS, the manufacturer of a knock-out plug that had been installed on the door. Trial was to a jury. In thirteen points of error, McAdams contends that the trial court erred: (1) in sustaining Capitol's special exception that urged that neither she nor Terri had a Deceptive Trade Practices Act ("DTPA") TEX. BUS. & COM. CODE ANN. sec. 17.41 *et seq* (Vernon 1987), cause of action against Capitol because neither were consumers with respect to the sliding glass door, or, alternatively,

that the cause of action did not survive Terri's death; (2) in sustaining Capitol's special exception that urged that McAdams had failed to give thirty days written notice prior to filing suit and in dismissing her DTPA claims as a result of the ruling; and (3) in granting Capitol's Motion for Partial Summary Judgment because her breach of warranty claims brought under the DTPA were not barred by limitations.

We affirm because we hold that McAdams failed to preserve error concerning her assertion that the trial court erred in granting special exceptions, and because we hold that her DTPA claims were barred by limitations.

In points of error numbers one through four, McAdams complains that the trial court erred in sustaining Capitol's special exception because: (1) the special exception was a speaking demurrer, improper under Texas law; (2) she properly plead a cause of action under the DTPA; and (3) the cause of action survived Terri's death. The exception urged that neither Anne nor her deceased daughter Terri had a DTPA claim against Capitol because neither were consumers with respect to the sliding glass door and because the action did not survive Terri's death.

In her first and second amended petitions, McAdams alleged several violations of the DTPA and alleged that Terri was a consumer under the Act. Capitol filed the same special exception to each petition, urging that neither Anne nor Terri were consumers under the Act, and, alternatively, that any claim Terri might have had under the DTPA did not survive her death. The trial court sustained the special exception by the marginal notation "Sus.," followed by a written order. The court's docket sheet reflects that the marginal notation was his ruling on the special exception.

McAdams filed a third amended petition in which she continued to allege a DTPA cause of action. Capitol filed an answer and renewed the same special exception. There is no written order sustaining the special exception or indicating that a hear-

ing was held on the exception. In asserting that the trial court sustained the exception, McAdams relies on the written notation "Sus." appearing in the margin next to this special exception. The notation "OR," "Sus.," or "withdrawn" appears in the margin next to each special exception. These marginal notations were not followed by any written order, nor is there any docket sheet notation that the trial court ruled on the special exception by marginal notations. The record, therefore, is unclear as to whether the marginal notations constitute the ruling of the trial court as to the special exception. They may, for example, have been the trial court's notes as to its anticipated rulings. Because the record does not clearly reflect that the trial court sustained Capitol's special exception, McAdams has not preserved this issue for review. *See Dodson v. Citizens State Bank of Dalhart,* 701 S.W.2d 89, 95 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.). We overrule points of error numbers one through four.

In points of error numbers five through nine, McAdams asserts that the trial court erred by sustaining special exceptions complaining of the lack of the thirty-day notice required by TEX. BUS. & COM. CODE ANN. sec. 17.505(b) (Vernon 1987) of the DTPA, and dismissing her DTPA action. For the reasons discussed under the preceding points of error, we overrule points of error numbers five through nine.

█ McAdams contends in points of error numbers ten through thirteen that the trial court erred by granting Capitol's Motion for Partial Summary Judgment, thereby finding that McAdams' warranty claims under the DTPA are barred by the statute of limitations. We construe McAdams' pleading as pleading a DTPA cause of action against Capitol only in a representative capacity.

It is undisputed that the door in question was delivered to Terri's apartment more than four years before this suit was brought. TEX. BUS. & COM. CODE ANN. sec. 2.725(a) (Vernon 1968) provides that an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

Section 2.725(b) then provides that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach, and that a breach of warranty occurs when tender of delivery is made, except for a circumstance that is not applicable here. Since the patio door was delivered more than four years prior to the bringing of McAdams' breach of warranty claims, those claims are barred, unless another statute is applicable, or unless the statute was tolled for a period of time.

McAdams contends that her DTPA claims based on warranties would have been governed by TEX. BUS. & COM. CODE ANN. sec. 17.565 (Vernon 1987) of the DTPA, not section 2.725 of the Texas Business and Commerce Code. Section 17.565 of the DTPA provides the statute of limitations for actions brought under the Deceptive Trade Practices Act. It provides that all actions brought under the Act must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. It provides for a 180-day extension under certain circumstances not applicable here.

Section 17.44 of the DTPA provides that the provisions of the Act are to be liberally construed and applied to promote its underlying purposes. It has been held that section 17.565 was intended by the legislature to apply to all actions brought under the Texas Deceptive Trade Practices Act. *See Brooks Fashion Stores v. Northpark Nat. Bank,* 689 S.W.2d 937, 943 (Tex.App.—Dallas 1985, no writ). For the reasons stated in *Brooks Fashion Stores,* we agree with McAdams that section 17.565 of the DTPA is the appropriate statute of limitations applicable to her breach of warranty cause of actions brought under the DTPA.

Capitol urges that because there must be a valid warranty claim independent of the Deceptive Trade Practices Act in order to bring a suit such as that brought by McAdams, of necessity the applicable statute of limitations is section 2.725 of the Texas Business and Commerce Code.

The statute of limitations of an action brought under the Texas Deceptive Trade Practices Act is governed by section 17.565, the limitations applicable to all DTPA actions, not the statute dealing generally with the underlying cause of action brought under the Act. *See Brooks Fashion Stores*, 689 S.W.2d at 943.

Capitol also argues that the statute of limitations issue is moot if McAdams failed to preserve error with respect to her complaints about special exception rulings that we have previously discussed. Capitol does not explain why McAdams' failure to preserve error as to a complaint regarding special exceptions would make her complaint regarding this partial summary judgment moot. Such a contention would appear to be based upon a presumption that McAdams' DTPA breach of warranty claims were disposed of by the trial court's ruling on her special exceptions. We cannot make such an assumption because, as we have noted, the record does not clearly reflect that the trial court sustained the special exceptions in question.

McAdams' DTPA claims were filed within two years of February 14, 1985, the date of Terri's death. McAdams filed the DTPA claims in her capacity as the administratrix of Terri's estate by virtue of her appointment by the courts of Arkansas. McAdams was not appointed administratrix by the courts of Texas until May 12, 1988, approximately three years and three months after Terri's death. McAdams in her brief acknowledges that the two-year statute expired in February 1987. It follows that if the statute were tolled for one year in accordance with section 16.062(a) of the Texas Civil Practice and Remedies Code, as urged by McAdams, she would have had until February 1988 to bring this DTPA action.

 An administrator, appointed by the courts of another state, may not be sued in the courts of Texas nor act as the legal representative of the estate in Texas. *Faulkner v. Reed,* 241 S.W. 1002, 1007 (Tex.Comm.App.1922, judgm't. adopted); *Eikel v. Burton,* 530 S.W.2d 907, 908 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ

ref'd n.r.e.). Consequently, because McAdams' suit in the capacity of administrator by appointment of a Texas court was not asserted until after the statute of limitations had run, it is barred unless it relates back to McAdams' filing of the claim in the improper capacity as administrator of the estate appointed by the State of Arkansas.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.068 (Vernon 1986) provides that:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.*

Under section 16.068 the filing of a petition tolls the statute of limitations as to the transaction or occurrence upon which the pleading is based. In this case, however, McAdams had no authority to file any claim in a representative capacity at the time that her original pleading was filed, nor did she invoke the jurisdiction of the court to consider such claims. *See Eikel,* 530 S.W.2d at 908. We hold that her filing of such a petition was a nullity insofar as section 16.068 is concerned and consequently did not toll the statute of limitations. Therefore, her claim that she subsequently asserted in her proper capacity as administratrix appointed by a Texas court did not relate back to that petition. Consequently, her claim was not asserted until at least May 1988, although the statute of limitations expired either in February 1987 or February 1988. It follows that her claim was barred by the applicable statute of limitations. Accordingly, we overrule points of error numbers ten through thirteen.

The judgment is affirmed.