ROMAN FOREST PUBLIC UTILITY DIST. NO. 4 and Roman Forest Public Utility District No. 3, Appellants,

v.

Carl McCORKLE d/b/a Harvest Co. and d/b/a Harvest Tree Co., Appellee.

No. 09–98–014CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 2, 1999.

Decided Oct. 7, 1999.

Ramon G. Viada, III, Robert Scott, Abrams, Scott & Bickley, Houston, for appellants.

Lou McCreary, Geoffrey P. Pivateau, Wintroub, Rinden, Sens & McCreary, Austin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Roman Forest Public Utility District No. 4 and Roman Forest Public Utility District No. 3 (collectively referred to as "Roman Forest") appeal from a summary

judgment granted in favor of Carl McCorkle, d/b/a Harvest Co. and d/b/a Harvest Tree Co. (McCorkle). Roman Forest sued seeking a temporary restraining order and a temporary injunction preventing McCorkle from timbering, cutting trees, clearing, grubbing or otherwise removing any trees from any lot or property within the districts. Roman Forest further sought damages for injury to the ditches, roads and other facilities of the districts caused by McCorkle.

McCorkle then moved for summary judgment on the sole basis that Roman Forest lacks standing to sue as a matter of law. McCorkle contended Roman Forest lacked standing because (1) Roman Forest has no ownership interest in the land claimed to have been damaged, and (2) Roman Forest has no general power to sue for alleged damages to public roads and rights-of-way. On appeal, McCorkle argues the trial court correctly granted summary judgment on his behalf because (1) Roman Forest cannot, as a matter of law, sue for damages to roads and ditches they do not own, (2) Roman Forest has no general power to sue on behalf of the public, and (3) Roman Forest cannot recover against McCorkle for violation of Rules and Regulations that did not apply to him. We first note that McCorkle did not move for summary judgment on the basis that the Rules and Regulations did not apply to him. Therefore, we are unable to affirm the summary judgment on that basis. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996) (appellate court cannot affirm the summary judgment on grounds the parties failed to properly raise before the trial court). Accordingly, we now consider McCorkle's claim Roman Forest had no standing.

We agree that the legislature has given the districts the general power to sue and be sued. Act of April 27, 1971, 62nd Leg., R.S., ch. 84, § 1, 1971 Tex. Gen. Laws 774, 785 (formerly TEX. WATER CODE ANN. § 54.119(a) (Vernon 1972)) provides that "[a]ll [municipal utility] districts ... may, through their directors, sue and be sued in the courts of this state in the name of the district." However, the power to sue and be sued does not confer standing; rather, it confers "capacity." " 'Capacity' is a party's legal authority to go into court and prosecute or defend a suit, whereas 'standing' is a party's justiciable interest in the suit and is a component of subject matter jurisdiction." *AU Pharmaceutical, Inc. v. Boston,* 986 S.W.2d 331, 340 (Tex. App.—Texarkana 1999, no pet.). As a general rule, "standing depends upon some interest peculiar to the person or entity individually and not as a member of the general public." *Lake Medina Conservation So., Inc/Bexar–Medina–Atascosa Counties WCID No. 1 v. Texas Nat. Resource Conservation Comm'n,* 980 S.W.2d 511, 515 (Tex.App.—Austin 1998, pet. denied).

The districts were authorized to maintain, repair or improve any and all works, improvements, etc. necessary to certain listed activities. TEX. WATER CODE ANN. § 54.201(b)(Vernon Supp. 1999). They were also given the authority to adopt and enforce reasonable rules and regulations pertaining to some of those activities. TEX. WATER CODE ANN. § 54.205 (Vernon Supp. 1999). Roman Forest's suit was filed in pursuit of those activities and to enforce rules and regulations. Consequently, we find the districts have a justiciable interest peculiar to them individually and Roman Forest is an "appropriate party to assert the public interest in the matter as well as [its] own interest." *Lake Medina,* 980 S.W.2d at 515–16.

Accordingly, we find the trial court erred in granting summary judgment in favor of McCorkle on the basis that Roman Forest had no standing. The judgment of the trial court is

REVERSED AND REMANDED.