CYNTHIA LORENTZ, ADMINISTRATRIX OF THE ESTATE OF CAROLYN M. POLK, DECEASED V. JAMES F. DUNN, M.D., AND UNITED CLINICS OF NORTH TEXAS, P.L.L.C.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-158-CV

CYNTHIA LORENTZ, ADMINISTRATRIX OF APPELLANT

THE ESTATE OF CAROLYN M. POLK, DECEASED

V.

JAMES F. DUNN, M.D., AND UNITED APPELLEES

CLINICS OF NORTH TEXAS, P.L.L.C.

------------

FROM THE 97
TH
 DISTRICT COURT OF MONTAGUE COUNTY

------------

OPINION

------------

Appellant, Cynthia Lorentz, appeals the trial court’s dismissal of her survival action for lack of subject matter jurisdiction.  Appellant claims that the trial court erred in dismissing the case because the amended pleadings relate back to earlier pleadings based on the same transaction or occurrence.  We affirm the trial court’s judgment.

FACTS

Carolyn Polk died while in the care of Appellees, James F. Dunn, M.D. and United Clinics of North Texas, P.L.L.C.  On June 17, 1999, Appellant requested that the Montague County Court appoint her as administrator of Polk’s estate.  The statute of limitations on any suit over Appellees’ alleged negligence expired on July 19, 1999.  

While the process to appoint Appellant as the administrator progressed in the county court, Appellant filed a survival action in the district court on Polk’s behalf.  Appellant filed this suit on July 14, five days before the statute of limitations expired.  Appellant alleged in the petition that she was the administrator of Polk’s estate, and that she had standing to file the claim. Appellant and her attorney knew of the falsity of the statement at the time they filed the claim.  On July 26, 1999, twelve days after Appellant filed the fraudulent pleading and seven days after the statute of limitations expired, the county court appointed Appellant as the administrator of Polk’s estate. Appellees became aware of the discrepancy in the pleadings shortly  before the trial began.  Appellees filed a motion to dismiss the case claiming that Appellant lacked standing and as such the trial court lacked subject matter jurisdiction.  Alternatively, Appellees argued that Appellant had filed a fraudulent pleading and that an appropriate sanction would be to dismiss the case.  The trial court ruled that it did not have jurisdiction over the case because Appellant did not have standing at the time she filed her case.  The trial court then dismissed the action.  

STANDING
  

Appellant argues in her sole point on appeal that the trial court erred in dismissing the suit for lack of jurisdiction because Appellant had standing to sue on the survival action.  Appellant argues that the issue should have been characterized as one of capacity instead of standing.
(footnote: 1)  
See Goode v. Shoukfeh
, 863 S.W.2d 547, 550 (Tex. App.—Amarillo 1993, no writ).  The supreme court’s holding in 
Shepherd v. Ledford
 called the 
Goode
 holding into question.  
See Shepherd v. Ledford
, 962 S.W.2d 28, 31 (Tex. 1998) (holding that the question of whether an heir may bring a survival action is a question of standing)
; Ford Motor Co. v. Cammack, 
999 S.W.2d 1, 5 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. denied) (holding that the right to bring a survival action is a standing issue)
; 
Stewart v. Hardie
, 978 S.W.2d 203, 206-07 (Tex. App.—Fort Worth 1998, pet. denied) (treating the right of an heir to bring a survival action as a standing issue even though originally raised as capacity).  We hold that the issue in this appeal is one of standing and not capacity. 

Standing pertains to a person’s justiciable interest in a suit.  
Roman Forest Pub. Util. Dist. v. McCorkle
, 999 S.W.2d 931, 932 (Tex. App.—Beaumont 1999, pet. denied).  A person has standing to sue when that person is personally aggrieved by the alleged wrong.  
Cadle Co. v. Lobingier
, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh’g).  Without a breach of a legal right belonging to a plaintiff, however, the aggrieved person has no standing to litigate.  
Id.; Pankhurst v. Weitinger & Tucker
, 850 S.W.2d 726, 729 (Tex. App.—Corpus Christi 1993, writ denied).  Standing is a component of subject matter jurisdiction and cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding.  
See generally Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443-47 (Tex. 1993).

At common law, an individual’s action for personal injuries did not survive that person’s death.  
Russell v. Ingersoll-Rand Co.
, 841 S.W.2d 343, 344 (Tex. 1992).  The Texas Legislature changed this rule when it enacted the Texas Survival Statute.  
See 
T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 A
NN
. § 71.021 (Vernon 1997).  Under section 71.021, only a personal representative, administrator, or, in some cases, an heir, may sue on behalf of an estate.  
Id.
; 
Stewart v. Hardie
, 978 S.W.2d at 206.  
This statute provides a party who would not otherwise have a justiciable claim with standing to sue.  
Stewart
, 978 S.W.2d at 207.  However, a party who does not qualify under the statute may not pursue a survival action on behalf of the decedent’s estate.  
See Cammack
, 999 S.W.2d at 5 (holding that only heirs or personal representatives have a justiciable interest in recovering estate property).
  Because this statute is the only authority that grants standing to the plaintiff in survival actions, a plaintiff who fails to qualify under the statute does not have standing to sue.  
Id
. at 4.

In the present case, Appellant filed her cause of action, and the statute of limitations expired before the county court appointed her as the estate administrator.  Appellant further concedes that she did not qualify as an heir to the estate.  When the statute of limitations expired, Appellant did not have authorization to sue under section 71.021 and lacked standing to bring a survival action in this case.  
Id. 
at 4-5. 

Appellant argues that she acquired standing when the county court appointed her as the administrator of the estate.  She further argues that this standing relates back to her original pleadings and endows the court with jurisdiction.  We have previously ruled that if a plaintiff lacked standing when the cause was filed, an amended pleading does not relate back to provide jurisdiction to the trial court.  
See McAdams v. Capitol Products Corp.
, 810 S.W.2d 290, 293 (Tex. App.—Fort Worth 1991, writ denied).  In 
McAdams
, we held that a petition is a nullity if it was filed by a plaintiff who lacked standing and, consequently, any amended petition could not relate back to it. 
 See id.
 (holding that the plaintiff’s amended petition that she subsequently asserted as administrator of the estate did not relate back to the original petition)
.  

We hold that Appellant lacked standing to sue until after the statute of limitations had expired and that Appellant’s amended pleading filed after she obtained standing did not relate back to her original petition to confer jurisdiction on the trial court.  This lack of standing deprived the trial court of subject matter jurisdiction.  
See Becton Dickinson and Co. v. Usrey
, 57 S.W.3d 488, 498 (Tex. App.—Fort Worth 2001, no pet.) (holding that a lack of standing deprives a trial court of subject matter jurisdiction);
 Bell v. Moores
, 832 S.W.2d 749, 754 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding that any judicial action by a court without jurisdiction is void).  The trial court, therefore, properly dismissed Appellant’s suit for a lack of subject matter jurisdiction.  
See Duncan v. Tex. Dept. of Pub. Safety,
 6 S.W.3d 756, 758 (Tex. App.—Tyler 1999, no pet.) (holding that “generally, the only order which a court properly may enter on discovering its lack of jurisdiction of the subject matter is to dismiss the cause”).  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s point on appeal, we affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  June 5, 2003

FOOTNOTES
1:
The distinction is noteworthy, because a defect in capacity can be waived whereas a defect in standing affects subject matter jurisdiction and cannot be waived.  
See Pledger v. Schoellkopf
, 762 S.W.2d 145, 146 (Tex. 1988) (holding complaint that action belonged to corporation rather than shareholder was waived by failure to file sworn objection to capacity); 
Nootsie, Ltd. v. Williamson County Appraisal District
, 925 S.W.2d 659, 662 (Tex. 1996) (holding that standing as a component of subject matter jurisdiction cannot be waived).