COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-158-CV
 
CYNTHIA LORENTZ, ADMINISTRATRIX OF       
           
           
        APPELLANT
THE ESTATE OF CAROLYN M. POLK, DECEASED
V.
JAMES F. DUNN, M.D., AND UNITED       
           
           
           
    APPELLEES
CLINICS OF NORTH TEXAS, P.L.L.C.
------------
FROM THE 97
TH DISTRICT COURT OF
MONTAGUE COUNTY
------------
OPINION
-----------
       
Appellant, Cynthia Lorentz, appeals the trial court's dismissal of her survival
action for lack of subject matter jurisdiction. Appellant claims that the trial
court erred in dismissing the case because the amended pleadings relate back to
earlier pleadings based on the same transaction or occurrence. We affirm the
trial court's judgment.
FACTS
       
Carolyn Polk died while in the care of Appellees, James F. Dunn, M.D. and United
Clinics of North Texas, P.L.L.C. On June 17, 1999, Appellant requested that the
Montague County Court appoint her as administrator of Polk's estate. The statute
of limitations on any suit over Appellees' alleged negligence expired on July
19, 1999.
       
While the process to appoint Appellant as the administrator progressed in the
county court, Appellant filed a survival action in the district court on Polk's
behalf. Appellant filed this suit on July 14, five days before the statute of
limitations expired. Appellant alleged in the petition that she was the
administrator of Polk's estate, and that she had standing to file the claim.
Appellant and her attorney knew of the falsity of the statement at the time they
filed the claim. On July 26, 1999, twelve days after Appellant filed the
fraudulent pleading and seven days after the statute of limitations expired, the
county court appointed Appellant as the administrator of Polk's estate.
       
Appellees became aware of the discrepancy in the pleadings shortly before the
trial began. Appellees filed a motion to dismiss the case claiming that
Appellant lacked standing and as such the trial court lacked subject matter
jurisdiction. Alternatively, Appellees argued that Appellant had filed a
fraudulent pleading and that an appropriate sanction would be to dismiss the
case. The trial court ruled that it did not have jurisdiction over the case
because Appellant did not have standing at the time she filed her case. The
trial court then dismissed the action.
STANDING
       
Appellant argues in her sole point on appeal that the trial court erred in
dismissing the suit for lack of jurisdiction because Appellant had standing to
sue on the survival action. Appellant argues that the issue should have been
characterized as one of capacity instead of standing.(1)
See Goode v. Shoukfeh, 863 S.W.2d 547, 550 (Tex.
App.--Amarillo 1993, no writ). The supreme court's holding in Shepherd
v. Ledford called the Goode holding into question. See
Shepherd v. Ledford, 962 S.W.2d 28, 31 (Tex. 1998) (holding that the
question of whether an heir may bring a survival action is a question of
standing); Ford Motor Co. v. Cammack, 999 S.W.2d 1, 5
(Tex. App.--Houston [14th Dist.] 1998, pet. denied)
(holding that the right to bring a survival action is a standing issue); Stewart
v. Hardie, 978 S.W.2d 203, 206-07 (Tex. App.--Fort Worth 1998, pet. denied)
(treating the right of an heir to bring a survival action as a standing issue
even though originally raised as capacity). We hold that the issue in this
appeal is one of standing and not capacity.
       
Standing pertains to a person's justiciable interest in a suit. Roman
Forest Pub. Util. Dist. v. McCorkle, 999 S.W.2d 931, 932 (Tex.
App.--Beaumont 1999, pet. denied). A person has standing to sue when that person
is personally aggrieved by the alleged wrong. Cadle Co. v.
Lobingier, 50 S.W.3d 662, 669-70 (Tex. App.--Fort Worth 2001, pet. denied)
(op. on reh'g). Without a breach of a legal right belonging to a plaintiff,
however, the aggrieved person has no standing to litigate. Id.;
Pankhurst v. Weitinger & Tucker, 850 S.W.2d 726, 729 (Tex. App.--Corpus
Christi 1993, writ denied). Standing is a component of subject matter
jurisdiction and cannot be conferred by consent, waiver, or estoppel at any
stage of a proceeding. See generally Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443-47 (Tex. 1993).
        At
common law, an individual's action for personal injuries did not survive that
person's death. Russell v. Ingersoll-Rand Co., 841 S.W.2d
343, 344 (Tex. 1992). The Texas Legislature changed this rule when it enacted
the Texas Survival Statute. See TEX.
CIV. PRAC. & REM.
CODE ANN. § 71.021 (Vernon
1997). Under section 71.021, only a personal representative, administrator, or,
in some cases, an heir, may sue on behalf of an estate. Id.;
Stewart v. Hardie, 978 S.W.2d at 206. This statute
provides a party who would not otherwise have a justiciable claim with standing
to sue. Stewart, 978 S.W.2d at 207. However, a party who
does not qualify under the statute may not pursue a survival action on behalf of
the decedent's estate. See Cammack, 999 S.W.2d at 5
(holding that only heirs or personal representatives have a justiciable interest
in recovering estate property). Because this statute is the only authority that
grants standing to the plaintiff in survival actions, a plaintiff who fails to
qualify under the statute does not have standing to sue. Id.
at 4.
        In
the present case, Appellant filed her cause of action, and the statute of
limitations expired before the county court appointed her as the estate
administrator. Appellant further concedes that she did not qualify as an heir to
the estate. When the statute of limitations expired, Appellant did not have
authorization to sue under section 71.021 and lacked standing to bring a
survival action in this case. Id. at 4-5.
       
Appellant argues that she acquired standing when the county court appointed her
as the administrator of the estate. She further argues that this standing
relates back to her original pleadings and endows the court with jurisdiction.
We have previously ruled that if a plaintiff lacked standing when the cause was
filed, an amended pleading does not relate back to provide jurisdiction to the
trial court. See McAdams v. Capitol Products Corp., 810
S.W.2d 290, 293 (Tex. App.--Fort Worth 1991, writ denied). In McAdams,
we held that a petition is a nullity if it was filed by a plaintiff who lacked
standing and, consequently, any amended petition could not relate back to it. See
id. (holding that the plaintiff's amended petition that she subsequently
asserted as administrator of the estate did not relate back to the original
petition).
        We
hold that Appellant lacked standing to sue until after the statute of
limitations had expired and that Appellant's amended pleading filed after she
obtained standing did not relate back to her original petition to confer
jurisdiction on the trial court. This lack of standing deprived the trial court
of subject matter jurisdiction. See Becton Dickinson and Co. v.
Usrey, 57 S.W.3d 488, 498 (Tex. App.--Fort Worth 2001, no pet.) (holding
that a lack of standing deprives a trial court of subject matter jurisdiction);
Bell v. Moores, 832 S.W.2d 749, 754 (Tex. App.--Houston [14th Dist.] 1992,
writ denied) (holding that any judicial action by a court without jurisdiction
is void). The trial court, therefore, properly dismissed Appellant's suit for a
lack of subject matter jurisdiction. See Duncan v. Tex. Dept.
of Pub. Safety, 6 S.W.3d 756, 758 (Tex. App.--Tyler 1999, no pet.) (holding
that "generally, the only order which a court properly may enter on
discovering its lack of jurisdiction of the subject matter is to dismiss the
cause"). We overrule Appellant's sole point.
CONCLUSION
Having overruled Appellant's point on appeal,
we affirm the trial court's judgment.
 
                                                       
   SAM J. DAY
                                                       
   JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: June 5, 2003

1. The distinction is noteworthy, because a defect in
capacity can be waived whereas a defect in standing affects subject matter
jurisdiction and cannot be waived. See Pledger v. Schoellkopf,
762 S.W.2d 145, 146 (Tex. 1988) (holding complaint that action belonged to
corporation rather than shareholder was waived by failure to file sworn
objection to capacity); Nootsie, Ltd. v. Williamson County
Appraisal District, 925 S.W.2d 659, 662 (Tex. 1996) (holding that standing
as a component of subject matter jurisdiction cannot be waived).