William B. BRANCH et ux., Appellants,

v.

Harris W. WARREN et al., Appellees,

v.

GEORGIA PACIFIC CORPORATION, Appellees.

Supreme Court of Tennessee.

Sept. 2, 1975.

James T. Ryal, Jr., Adams & Albright, Humboldt, for appellants.

Lyle Reid, Reid & Banks, Brownsville, for Warren.

George O. Benton, Moss & Benton, Jackson, for Wickes Corp.

James D. Senter, III, Senter & Senter, Humboldt, for Georgia Pacific Corp.

## OPINION

HENRY, Justice.

This suit had its origin in a contract for the construction of a residence for the plaintiffs. The trial judge held that plaintiffs' cause of action was barred by the statute of limitations as incorporated in § 28–305 T.C.A., refused to permit plaintiffs to amend their declaration and dismissed their suit.

### I.

Plaintiffs instituted their suit in the Circuit Court at Alamo against Harris W. Warren, Harris E. Warren, and the Wickes Corporation. They allege that on or about April 28, 1968, they entered into a contract with the Warrens, for a stipulated sum, to construct a dwelling house in accordance with plans and specifications contained in the contract. Under their agreement the Warrens were to furnish all labor and materials necessary for the construction, to include the decking material for the roof. This plywood decking was purchased in May or June, 1969 from the defendant Wickes.[1]

The dwelling house was completed in July 1969.[2]

In December, 1969 and January and February, 1970 the roof began to warp and detach from the rafters.[3]

On September 19, 1973, the defendant Wickes filed its answer, generally denying the allegations of the complaint and, in effect, joining issue thereon. It is significant to note that at no place in this answer did this defendant plead any statute of limitations.

On September 25, 1973, the defendants Warren answered, asserting that they used the plywood as specified in the contract; denying that they had breached their contract with the plaintiffs; denying that they had breached any warranty, and generally

---

1. This date activates Section 47–2–725, T.C.A. if this transaction be treated as a sale within the meaning of the Uniform Commercial Code.

2. This date activates Section 28–314 et seq., T.C.A., if this transaction be treated as a construction contract.

3. This date activates Section 28–305 T.C.A.

joining issue on the pleadings. Again, they did not plead or rely upon any statute of limitations. Pursuant to Rule 13.07 the Warrens asserted a cross claim against Wickes and against Georgia-Pacific Corporation. (Georgia-Pacific was not technically a party at that time; but was brought in by Wickes).

On October 3, 1973, the court granted the Wickes Corporation leave to file a third party complaint against Georgia-Pacific, and on that same date this cross claim was filed. It was the theory of the cross claim that Wickes had purchased the plywood decking from Georgia-Pacific, and that if the plaintiffs recover damages against Wickes, it, in turn, was entitled to judgment against Georgia-Pacific.

On October 28, 1973, Georgia-Pacific filed its motion to dismiss the complaint, the cross claim of the defendants Warren and the third party complaint of the defendant Wickes for failure to state a claim upon which relief against the original defendants and the third party defendant Georgia-Pacific Corporation could be granted.

Georgia-Pacific moved, in the same pleading, for a summary judgment based upon the assertion that the cause of action accrued in December, 1969 and in January and February, 1970 when the roof warped and, since plaintiffs did not file their suit until July 10, 1973, the statute of limitations, as contained in § 28–305, had run and, therefore, the suit should be dismissed.

On February 6, 1974, the defendants Warren moved to dismiss on the ground that the suit was barred by the statute of limitation as set forth in Section 28–305 T.C.A.

On February 16, 1974, the Wickes Corporation filed its motion for a summary judgment upon the same grounds.

On March 8, 1974, plaintiffs moved to amend their complaint so as to plead, in the alternative, that the Warrens were acting as their agent in the purchase of the plywood; that Wickes knew the intended use

of this material and impliedly warranted it to be fit and proper for such purpose.

On June 14, 1974, plaintiffs again moved the court for leave to amend their complaint so as to allege that the defendants Warren, within the three-year period, had negotiated with them with reference to a settlement of their claims and had represented and given assurances that they would remedy the damages and defects in the roof. Plaintiffs alleged that they relied upon these representations and assurances.

These motions to amend were denied by the trial court.

II.

Plaintiffs, as Appellants in this Court, assign as error the action of the trial judge in overruling their motions to amend. We regard this as error. The policy of our law has long favored amendments. Section 198, *Caruthers' History of a Lawsuit,* Eighth Edition (1963) reads, in pertinent part as follows:

> Under the very liberal rules allowing amendments, the court may admit material amendments at any stage of the proceedings. The Supreme Court of Tennessee has said: "It is a downright violation of principles, and of good sense, to determine any case otherwise than on its merits, and it is a great imputation upon judges that so many statutes of jeofails have been needful to place common sense upon her native seat, from which she has been driven by technicalities."

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge. Indeed, the statute (§ 20–1505, T.C.A.) which con-

ferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what it says, that "leave shall be freely given."

Reversed and remanded.

The costs of this appeal are taxed against the appellees.

FONES, C. J., and COOPER, HARBISON and BROCK, JJ., concur.