Janice KARASH et vir., Appellants,

v.

J. D. PIGOTT et al., Appellees.

Supreme Court of Tennessee.

Dec. 1, 1975.

James F. Schaeffer, D. Franklin Moore, Jr., Memphis, for appellants.

Albert T. McRae, Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Memphis, for Pigott and Free.

Gavin M. Gentry, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for Baptist Hospital.

## OPINION

HENRY, Justice.

The only issue presented on this appeal in a medical malpractice action is the right of the plaintiffs to amend their complaint.

### I.

Suit was instituted in the Circuit Court at Memphis, on 31 May, 1973, against the Baptist Hospital and three physicians. In the first count of the complaint, plaintiffs allege the admittance of Mrs. Janice Karash to the hospital, and the uneventful performance of a hysterectomy followed by a blood transfusion on 2 June, 1972, where allegedly impure or defective blood was dispensed or sold by the hospital, resulting in serum hepatitis. This count sounds in strict liability. It was subsequently dismissed, except for background factual averments, on motion for summary judgment.

In the second count plaintiffs allege negligent failure to examine the blood, failure to warn of the dangers and risks involved, failure to obtain informed consent and unreasonable exposure to the risk of serum hepatitis. This count sounds in negligence.

On 1 January, 1975, after interrogatories had been propounded and answered and after depositions had been taken, plaintiffs moved the court for leave to amend so as to incorporate in the complaint a count charging assault and battery. This count would read, in pertinent part as follows:

2. That the blood transfusions given to the plaintiff, Mrs. Janice Karash, on or about June 2, 1972, were administered despite Mrs. Karash's express rejection of the blood transfusions and were administered by agents, servants and/or employees of the defendant hospital, pursuant to direct orders of both defendant physicians, following the exertion of pressure, intimidation and coercion upon the plaintiff. The plaintiff was not consulted by the defendants prior to the administration of the transfusions and her consent to the transfusions was never given. She, in fact, vigorously objected to the administration of the transfusions at the time they were given.

On 31 January, 1975, the trial judge denied the motion to amend. In disposing of plaintiffs' motion to reconsider, the trial judge held that "the proposed Amendment to Complaint constitutes a new cause of action which is barred by the statute of limitations." Pursuant to § 27–305, T.C.A., the trial judge made a proper certification and permitted this appeal, which has been perfected. We have elected to review the matter.

### II.

This controversy is virtually concluded by our holding in *Branch v. Warren*, 527 S.W.2d 89 (Tenn.1975), wherein we said:

. . . The policy of our law has long favored amendments. Section 198, *Caruthers' History of a Lawsuit*, Eighth Edition (1963) reads, in pertinent part as follows:

Under the very liberal rules allowing amendments, the court may admit material amendments at any stage of the proceedings. The Supreme Court of Tennessee has said: "It is a downright violation of principles, and of good sense, to determine any case otherwise than on its merits, and it is a great imputation upon judges that so many statutes of jeofails have been needful to place common sense upon her native

seat, from which she has been driven by technicalities."

The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge. Indeed, the statute (§ 20–1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what it says, that "leave shall be freely given."

The hospital insists that the proposed amendment states a new cause of action and, as such, is barred by the one-year statute of limitation.

We disagree.

The time-honored "new cause of action" objection to amendments has been substantially eroded by the New Rules of Civil Procedure. Rule 15.03 has never been construed by our courts; however, its language is so clear and unequivocal that it is virtually self-construing. In pertinent part it declares:

> Whenever the claim or defense asserted in the amended pleadings arose out of the *conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading,* the amendment relates back to the date of the original pleading. (Emphasis supplied).

The great liberality of this Rule is convincingly demonstrated by the ensuing provisions permitting a new party, under certain circumstances, to be brought in notwithstanding the fact that the statute has run at the time of the amendment.

Clearly, the assault and battery, as charged in the proposed amendment, if it occurred, arose out of and was a part and parcel of the conduct, transaction and occurrence set forth in the original complaint. The New Rules of Civil Procedure are designed to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.[1]

Rule 15.03, Tenn.R.Civ.P., to the extent here pertinent, is identical with Rule 15(c) Fed.R.Civ.P.

Numerous cases construing Rule 15(c) of the Federal Rules are cited by appellants. *White v. Holland Furnace Co.,* 31 F.Supp. 32 (E.D.Ohio 1939); *Green, et al. v. Walsh, et al.,* 21 F.R.D. 15 (E.D.Wis.1957); *United States v. Templeton,* 199 F.Supp. 179 (E.D. Tenn.1961); *Blair, et al. v. Durham,* 134 F.2d 729 (6 Cir. 1943); *Lauritzen, et al. v. Atlantic Greyhound Corp.,* 8 F.R.D. 237 (E.D.Tenn.1948).

On remand the tendered amendment will be allowed.

This action is

Reversed and remanded.

FONES, C. J., MATHERNE, Special Justice, and COOPER and HARBISON, JJ., concur.

---

1. See Comment, The New Tennessee Rules of Civil Procedure. D. Paine, 37 Tenn.L. Rev. 501, 511 (Winter 1970).