**Lee AUSTIN, Plaintiff-Appellee,**

v.

**Johnny MAYFIELD,**
**Defendant-Appellant,**

**Davie L. Riddick, Wilbur Hugh Smith**
**and Tommy Harper et al.,**
**Defendants-Appellees.**

Supreme Court of Tennessee,
at Jackson.

Feb. 9, 1981.

Robert G. Millar, Ripley, for plaintiff-appellee.

George R. Fusner, Jr., and Larry A. Butler, Jackson, for defendant-appellant.

Jere B. Albright, Humboldt, for defendants-appellees.

OPINION.

FONES, Justice.

On May 5, 1979, an election was held for members of the Board of Aldermen of the town of Maury City. In this contest eight candidates ran for the five positions on the Board. The election results, certified by the Crockett County Election Commission, were as follows:

| 1. | Davie Lee Riddick | 216 |
| 2. | Wilbur Hugh Smith | 163 |
| 3. | Charles C. Jetton | 159 |
| 4. | Tommy Harper | 156 |
| 5. | John Mayfield | 150 |
| 6. | Lee Austin | 147 |
| 7. | J. T. Jones | 129 |
| 8. | Enmon B. King | 125 |

The top five vote-getters were thereby elected to the Board of Aldermen.

On May 14, 1979, the sixth vote-getter, Austin, filed an election contest lawsuit in Chancery Court of Crockett County. On July 6, 1979, Austin filed an amended complaint.

At the trial on July 19, 1979, a motion was made by defendants-appellees to strike the amended complaint because it was not timely filed. Defendants-appellees further moved that plaintiff, Austin should not be allowed to introduce proof of election improprieties that were not specifically set forth in the original complaint. The Chancellor sustained both of these motions. In this the Chancellor erred. *See* Rules 15.01 and 15.03 of Tenn. R. Civ. Pro.; *Karash v. Piggott*, 530 S.W.2d 775 (Tenn.1975); *Branch v. Warren*, 527 S.W.2d 89 (Tenn. 1975). *See also* Rule 8.01 of Tenn. R. Civ. Pro.

At the conclusion of all the proof, the Chancellor made the following findings of fact:

"[T]he election ... should be ... declared to be void insofar as the election contest pertains to candidates John Mayfield and plaintiff Lee Austin, due to numerous election irregularities and due to the fact that numerous ineligible voters voted in said election of a number sufficient to have materially affected the results of said election between John Mayfield and Lee Austin."

■ Mayfield received only three votes more than Austin, and there was only a sixteen vote difference between Austin and four of the successful candidates. The Chancellor's remedy of ordering a new election only between Austin and Mayfield is wholly inconsistent with his findings that there were "numerous election irregularities" and "numerous ineligible voters."

In *Emery v. Robertson County Election Commission*, 586 S.W.2d 103 (Tenn.1979), the Court discussed a number of cases wherein elections were declared void based upon two different factual patterns, the first involving a mathematical purging of the votes of specifically identifiable citizens, and the second involving proof of fraud or illegality that so permeated the conduct of the election as to render the result "incurably uncertain." The Chancellor's finding in the instant case falls within the latter category because he did not purge a specific number of ballots. A finding of numerous election irregularities and ineligible votes would require voiding the entire election if the irregularities are of the character and to the extent delineated in *Emery* and the earlier cases cited therein. It is obvious that in a race between eight candidates for five positions the result cannot be "incurably uncertain" as to two candidates and certain as to the remaining candidates, absent the purging of a mathematically certain number of ballots.

■ In this Court appellant, Mayfield, insists that at least thirty-five votes were illegally cast, and he has identified the individual voters. If Mayfields's contentions are correct, the election would be void as to every candidate except Riddick. However, the proof was vague, incomplete, and rendered uncertain because of the erroneous ruling of the trial judge on the validity of Austin's amendment and other rulings that followed in the wake thereof. Also, as indicated above, the Chancellor made no finding of fact with respect to the validity or invalidity of the thirty-five identified citizens whose votes may have been tainted with some irregularity. It is inappropriate for this Court to assume the role of original fact finder, even if the factual record appeared complete.

We, therefore, remand this case back to the trial court for further consideration of the evidence offered and such additional evidence as may be appropriate that relates to all allegations in both the original and amended complaints. If the trial court's finding of fact supports a conclusion that the election was rendered incurably uncertain, the character of irregularities should be specifically identified and the entire election should be voided. If the findings support the purging of a specific number of ballots cast by identifiable citizens, then the election should be declared void as to all candidates whose total vote did not exceed Austin's one hundred and forty-seven votes by more than the number of void ballots.

If the trial court's findings require a special election that can be held within the time restraints of T.C.A. § 2–14–102, it should be decreed. If at the time of final judgment in the trial court the expiration of the term of the aldermen precludes compliance with that section, then the case should be declared moot and dismissed.

Remand for proceedings consistent with this opinion. Costs are assessed against defendants-appellees.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.