**ENERGY SAVING PRODUCTS, INC.,**
Plaintiff–Appellant,

v.

**James A. CARNEY f/d/b/a Air–Stop,
Inc., Defendant–Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 10, 1987.

Permission to Appeal Denied by Supreme
Court Sept. 28, 1987.

C. Michael Robbins, of Ingram & Lowe,
Goodlettsville, for plaintiff-appellant.

Walter S. Clark, Jr., of Clark & Clark,
Nashville, for defendant-appellee.

## OPINION

FRANKS, Judge.

This interlocutory appeal presents the is-
sue of whether T.C.A., § 28–1–105[1] pre-
serves unto the plaintiff a right to maintain

---

1. T.C.A., § 28–1–105. *New action after adverse
decision.*—If the action is commenced within
the time limited by a rule or statute of limita-
tion, but the judgment or decree is rendered
against the plaintiff upon any ground not con-
cluding his right of action, or where the judg-

ment or decree is rendered in favor of the
plaintiff, and is arrested, or reversed on appeal,
the plaintiff, or his representatives and privies,
as the case may be, may, from time to time,
commence a new action within one (1) year
after the reversal or arrest.

a claim for fraud which was not included in the original action but not time-barred at the time of its voluntary dismissal, and more than three years had elapsed [2] from the time of the alleged fraud prior to the filing of the instant action.

On January 26, 1982, plaintiff commenced an action against the defendant to recover a debt owed on an open account. After the defendant answered, denying he was personally indebted to plaintiff, on July 24, 1984 plaintiff entered a voluntary dismissal of that action without prejudice.

On June 12, 1985, plaintiff filed this action, essentially restating the original claim. After the defendant answered, plaintiff moved to amend its complaint and the motion to amend was granted. The amended complaint was filed on April 4, 1986. Included was the allegation that defendant's fraudulent misconduct had induced plaintiff to provide goods and services, which remain on the unsatisfied account.

Responding to defendant's motion to dismiss the amended complaint, the chancellor dismissed the amended complaint holding the claim did not arise out of the transaction "alleged in the original complaint filed on June 12, 1985", the relief was time-barred by the statute of limitations and the claim failed to state a cause of action for fraud.

■ T.R.C.P., Rule 15.01, provides leave to amend shall be freely given when justice requires. *See generally Branch v. Warren,* 527 S.W.2d 89 (Tenn.1975); *Campbell Cty. Bd. of Ed. v. Brownlee–Kesterson,* 677 S.W.2d 457 (Tenn.App.1984); and *Douglass v. Rowland,* 540 S.W.2d 252 (Tenn.App.1976). T.R.C.P., Rule 15.03 provides in pertinent part:

Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.... Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

An amended complaint under this section avoids the impact of a statute of limitation where the allegations arise from the "conduct, transaction or occurrence set forth in the original pleading" otherwise the amendment does not relate back and will be time-barred if the limitations period has expired. *See Karash v. Pigott,* 530 S.W.2d 775 (Tenn.1975); *Gamble v. Hospital Corp. of America,* 676 S.W.2d 340 (Tenn.App. 1984); and *Osborne Enterprises v. City of Chattanooga,* 561 S.W.2d 160 (Tenn.App. 1977).

■ In the instant case, plaintiff's original complaint alleged that it sold goods and services to defendant between March, 1981 and December, 1981, which defendant failed or refused to pay and defendant was liable for this debt. The amended complaint alleges it was defendant's fraudulent misrepresentations that induced plaintiff to provide the goods and services for which he now seeks payment. Additionally, plaintiff seeks punitive damages.

The Supreme Court said in *Karash:*

The time-honored "new cause of action" objection to amendments has been substantially eroded by the New Rules of Civil Procedure. Rule 15.03 has never been construed by our courts; however, its language is so clear and unequivocal that it is virtually self-construing....

．　　．　　．　　．　　．

The great liberality of this Rule is convincingly demonstrated by the ensuing provisions permitting a new party, under certain circumstances, to be brought in notwithstanding the fact that the statute has run at the time of the amendment. 530 S.W.2d, at 777.

Clearly, the allegations of fraudulent misrepresentation arose out of and were part of the conduct and transaction set forth in the original complaint.

The issue thus becomes whether the action for fraud may be maintained since it

---

**2.** T.C.A., § 28–3–105, requires commencement of the action within three years from its accrual.

was time-barred at the time the complaint was filed in the instant case. T.C.A., § 28–1–105, the "saving statute", is remedial and is to be liberally construed in furtherance of its purpose. *Dukes v. Montgomery County Nursing Home,* 639 S.W.2d 910 (Tenn.1982). The initial action did not include the allegations of fraud but, pursuant to T.R.C.P., Rule 15.01, plaintiff would have been entitled to amend the original action to include the allegations of fraud.

■ The "saving statute" accords unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action. *Dukes.* We conclude plaintiff is entitled to have his amended complaint reinstated.

■ Finally, defendant argues the amended complaint does not state a claim for fraud. Taking the allegations as true and construing the averments with liberality, the amended complaint alleges that Batson and the defendant represented to the plaintiff that they were the sole owners of the corporation and gave financial statements, and plaintiff was induced to furnish goods to the defendant on credit based on defendant's false representations concerning the "corporate status" and "the manner in which they were conducting business". We conclude the allegations of fraud are sufficient to avoid a *sua sponte* dismissal by the trial court. The cause of action is reinstated and remanded to the trial court for further proceedings consistent with this opinion.

Costs incident to the appeal are assessed to defendant-appellee.

TODD, P.J., and KOCH, J., concur.