Susanna Gillespie, a/k/a Susanna )
Grezegorcyk, a/k/a Susanna Kantack, )
a/k/a Susanna Gregg, )
                                   )        Appeal No.
        Plaintiff/Appellant,       )        01-A-01-9702-CH-00083
                                   )
v.                                 )        Chancery Court No.
                                   )        20508
Steven D. Graham,                  )
        Defendant/Appellee         )
and                                )
Lori G. Graham,                    )
        Defendant.                 )

**FILED**

**July 9, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FOR THE CHANCERY COURT OF WILLIAMSON COUNTY

AT FRANKLIN, TENNESSEE

THE HONORABLE HENRY DENMARK BELL, CHANCELLOR

MARK C. ADAMS
1113 Murfreesboro Road
Franklin, Tennessee 37064
        ATTORNEY FOR PLAINTIFF/APPELLANT

DOUGLAS S. HALE
312 First Tennessee Bank Bldg.
Franklin, Tennessee 37064
        ATTORNEY FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal from the decision of the Williamson County Chancery Court. Plaintiff/appellant, Susanna Gregg, claims the chancery court erred when it denied her claim to attorney's fees, and defendant/appellee, Steven D. Graham, claims the chancery court erred when it failed to dismiss the claim as outside the statute of limitations. The facts out of which this matter arose are as follows:

Defendant and his ex-wife, Lori G. Graham, entered into an agreement with Plaintiff and her husband, Donald Kanatack, for the lease/purchase of a piece of real estate. Defendant executed a note and a deed of trust in favor of Plaintiff and her husband on 15 March 1986. In exchange for the note, Plaintiff and her husband gave Defendant and Ms. Graham $10,477.17, which they used to pay real estate commissions and to set up an escrow account for repairs. The note listed the date of maturity as "on or at closing," and the lease/purchase agreement listed the date of closing as 17 February 1988. Both the note and the deed contained provisions allowing Plaintiff to recover attorney's fees if Plaintiff had to file suit to recover under each agreement. At the time of execution, however, the parties modified the note by drawing an "X" over five consecutive paragraphs. One of these paragraphs included the provision allowing the note holder to recover costs and expenses under certain circumstances.[1] The parties failed to pay the note on 17 February 1988. The parties extended the original lease/purchase agreement for an additional year by executing an addendum on 27 May 1988. The new closing date passed without incident and both parties continued as they had in the contract for two additional years. A fire occurred on the property in 1990 while Plaintiff still occupied it. After the insurance company paid the settlement to Defendant, he evicted Plaintiff from the property.

Plaintiff filed a complaint against Defendant and Ms. Graham on 28 February

---

[1] (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

1991. The complaint originally sought an accounting of insurance proceeds awarded to Defendant and contained the following allegation:

> That on March 15, 1986, Respondents, Steven D. and Lori G. Graham, as "Borrowers", signed a promissory note in the amount of $10,477.17, accompanied by said Deed of Trust. See Exhibits F1-F2.

Plaintiff amended the complaint on 28 December 1992 to allege fraud on the part of Defendant. On 12 September 1996, Plaintiff filed a second amended complaint which contained a claim for the loan amount evidenced by the note executed on 15 March 1986. The parties agreed at trial that after the second amendment the only issue before the court was whether Plaintiff could recover the loan principle and interest and her attorney's fees.[2] The chancery court ruled in favor of Plaintiff in the amount of $13,987.02. This amount included the loan principle and pre-judgment interest, but no attorney's fees. Plaintiff moved for an amended judgment awarding her attorney's fees, but the court denied her motion. Thereafter, both parties filed notices of appeal and later agreed on the designation of Plaintiff as Appellant.

## Attorney's Fees

Plaintiff relies on the provision in the deed of trust allowing a party to recover attorney's fees to support her claim to fees in this action on the note. Defendant argues that the deed of trust and the note are separate documents and that Plaintiff may not recover attorney's fees under the note because the parties deleted the particular provision of the note which dealt with attorney's fees.

It is the opinion of this court that Plaintiff is not entitled to attorney's fees. To explain, given the parties actions, we must conclude they intended to delete the provision in the note referring to attorney's fees. In addition, although the deed of trust provision relied on by Plaintiff did allow for attorney's fees, it only applied to an action for enforcement of the deed of trust. The present action is on the note, not to enforce the deed[3]. Therefore, even if the attorney's fee provision from the deed

---

[2] In addition, Defendant refers to Ms. Graham in his brief as the dismissed defendant. Plaintiff does not contest this reference, however, there is no evidence in the record of any type of dismissal as to Ms. Graham.

[3] It is interesting to note that Plaintiff never recorded the deed.

were to apply to the action on the note, Plaintiff would still be unable to recover her attorney's fees.

## Statute of Limitations

Defendant contends the applicable statute of limitations is Tennessee Code Annotated section 28-3-109(a)(3). This section provides: "The following actions shall be commenced within six (6) years after the cause of action accrued: . . . (3) Actions on contracts not otherwise expressly provided for." Tenn. Code Ann. 28-3-109(a)(3) (1980). Thus, Defendant argues Plaintiff had to file her complaint within six years of the maturity date or by 17 February 1994. Defendant then argues Plaintiff's complaint was not timely because she did not actually state a cause of action to recover the loan principle and interest until she filed the second amended complaint on 12 September 1996. In response, Plaintiff contends the statute of limitations did not bar her claim because the second amended complaint related back to the date of the original complaint.

Rule 15.03 of the Tennessee Rules of Civil Procedure is relevant and provides: "Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Tenn. R. Civ. P. 15.03(West 1995). This Rule replaced the previous code section 20—1505 which gave the trial judges more discretion in deciding whether amendments relate back. *Karash v. Pigot*, 530 S.W.2d 775, 777 (Tenn. 1975).

In *Karash*, the court held that an amended complaint alleging assault and battery due to a nonconsensual blood transfusion would relate back to the original complaint which was brought for physician negligence.[4] In interpreting Rule 15.03,

---

[4] In *Gamble v. Hospital Corporation of America,* 676 S.W.2d 340 (Tenn. App. 1984), this court held that an amendment did not to relate back to the original complaint which caused the action to be barred by the statute of limitations. In this case, which dealt with medical malpractice, an amended complaint alleging that a physician was negligent in an operation did not arise out of the same conduct, transaction or occurrence set forth in the original complaint, which alleged that physician had used undue force in a previous surgery.

the court stated:

> Rule 15.03 has never been construed by our courts; however, its language is so clear and unequivocal that it is virtually self-construing. . . The great liberality of this Rule is convincingly demonstrated by the ensuing provisions permitting a new party, under certain circumstances, to be brought in notwithstanding the fact that the statute has run at the time of the amendment. . . The New Rules of Civil Procedure are designed to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.

*Id.* at 777. In addition, they stated that "leave (to amend) shall be freely given when justice so requires," again showing the liberality of the Rule. *Id.* (quoting **Branch v. Warren**, 527 S.W.2d 89 (Tenn. 1975)).

The original complaint contained allegations concerning the agreement between the parties. Clearly, the action on the note arose out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint. Both the original and second amended complaints revolved around the same real estate transaction which spread over an extended period of time. It is the opinion of this court that Plaintiff's claim was not barred by the statute of limitations because her second amended complaint related back to the initial complaint.

Therefore, it follows that the judgement of the chancery court is affirmed and the case is remanded to the chancery court for any further necessary proceedings. Costs on appeal are taxed to defendant/appellee, Steven D. Graham.

_____

SAMUEL L. LEWIS, JUDGE

CONCUR:

_____

BEN H. CANTRELL, JUDGE

_____

WILLIAM C. KOCH, JR., JUDGE