IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2004 Session

EDGAR FOSTER, INDIVIDUALLY AND ON BEHALF OF HIS WIFE, AND
STANLEY TURNER, INDIVIDUALLY AND ON BEHALF OF THE HEIRS OF
MATTIE FOSTER, DECEASED v. ST. JOSEPH HOSPITAL, MAHIR R.
AWDEH, M.D., RAJ C. DAVE, M.D.

Appeal from the Circuit Court for Shelby County
No. 303599-2 TD    James F. Russell, Judge

No. W2003-00522-COA-R3-CV - Filed July 30, 2004

This is a wrongful death case. The decedent was survived by her husband and two brothers. The husband gave his power of attorney to his grand-nephew. The grand-nephew filed a wrongful death lawsuit, alleging medical malpractice which resulted in the decedent's death. The grand-nephew voluntarily dismissed the claim. The grand-nephew refiled the action within one year of the nonsuit but beyond the expiration of the original statute of limitations. In the second action, the decedent's husband was added as a plaintiff. The defendants filed motions for summary judgment, arguing that the second lawsuit was time barred. The trial court granted the motion, holding that because the grand-nephew was not a proper party plaintiff under the Tennessee wrongful death statute, the first lawsuit was a nullity and did not toll the statute of limitations. We reverse, holding that the original lawsuit was not void, but merely voidable, and that the second lawsuit was timely filed under the savings statute.

Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and
Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Al H. Thomas and Regina Guy, Memphis, for the appellants Edgar Foster, individually and on behalf of his wife, and Stanley Turner, individually and on behalf of the heirs of Mattie Foster, deceased.

Robert L. Green, Memphis, for the appellee St. Joseph Hospital.

Buckner P. Wellford, John H. Dotson, and Marcy L. Dodds, Memphis, for the appellees Mahir R. Awdeh, M.D., and Raj C. Dave, M.D.

**OPINION**

On February 20, 1997, Mattie Foster ("Mrs. Foster") was admitted to Defendant/Appellee St. Joseph Hospital ("the Hospital"), where she was treated by Defendants/Appellees Dr. Mahir Awdeh ("Dr. Awdeh") and Dr. Raj Dave ("Dr. Dave").[1] On February 24, she was prescribed the drug Zyloprim, which was administered for at least two days. On February 27, Mrs. Foster developed a rash and fever. An examination of Mrs. Foster's medical records from a previous stay at the Hospital revealed that Mrs. Foster had a possible allergy to Zyloprim. On approximately March 10, Mrs. Foster's medical condition worsened; she complained of difficulty swallowing and sores in her mouth, and she began to experience sloughing of the skin on her arms and hands and under her eyes. On March 11, Mrs. Foster was discharged and admitted to another hospital. Mrs. Foster died on March 28, 1997. She was survived by her husband, Plaintiff/Appellant Edgar Foster ("Mr. Foster") and two brothers.

After Mrs. Foster's death, on May 26, 1997, Mr. Foster gave general power of attorney to his grand-nephew, Plaintiff/Appellant Stanley Turner ("Mr. Turner"). On February 20, 1998, a lawsuit was filed in the United States District Court for the Western District of Tennessee by "Stanley Turner, individually and on behalf of the heirs of Mattie Foster, deceased" against the Defendants,[2] alleging that Mrs. Foster's death resulted from their medical malpractice. Mr. Foster was not named as a party plaintiff, and the complaint was never amended to add Mr. Foster as a party. No objection was made as to Mr. Turner's capacity to file the lawsuit. On October 9, 1998, the federal action was voluntarily dismissed.

On August 5, 1999, within one year of the voluntary dismissal of the federal lawsuit but over two years after Mrs. Foster's death, the instant lawsuit was filed in Tennessee state court by "Edgar Foster individually, and on behalf of his wife, and Stanley Turner individually and on behalf of the heirs of Mattie Foster deceased."[3] The second lawsuit was filed against the same defendants, and again alleged medical malpractice resulting in Mrs. Foster's death.

On September 29, 1999, a Mississippi state court appointed Mr. Turner the administrator of Mrs. Foster's estate. Among Mrs. Foster's assets, the order identified a "potential wrongful death claim."

The Hospital, Dr. Awdeh and Dr. Dave each filed essentially identical motions for summary judgment on the grounds that the statute of limitations had expired on the claim. Though the first complaint had been filed within the statute of limitations, the Defendants argued that because Mr.

---

[1]The Hospital, Dr. Awdeh, and Dr. Dave will be referred to collectively as "the Defendants."

[2]Along with the Hospital and Dr. Awdeh, the style in the federal complaint names as defendants "Unknown Doctor," who would later be identified as Dr. Dave, and "Unknown Nurse," who was later dismissed as a defendant. The style of the original action was amended appropriately.

[3]Although the complaint does not mention Mr. Turner's power of attorney from Mr. Foster, Mr. Foster's presence as a party plaintiff must be attributed to this, as Mr. Foster disappeared in late May 1999. He remained missing at least up to June 6, 2000, the date of Mr. Turner's deposition.

Turner was not a proper party plaintiff under the wrongful death statute, the action had not been properly "commenced" for purposes of tolling the statute of limitations under the Tennessee savings statute. Since the Plaintiffs therefore could not rely on the savings statute, their claim was time barred by the statute of limitations.

The trial court granted the Defendants' motion for summary judgment, holding "that neither the savings statute nor the doctrine of relation back, as set forth in Rule 15 and Rule 17 of the Tennessee Rules of Civil Procedure, can save any cause of action for the wrongful death of Mattie Foster." First, explaining that under the savings statute the two complaints must be substantially similar, the trial court noted the addition of Mr. Foster to the second complaint and the differences in the "factual assertions . . . . [a]nd, to a certain extent, the theories of liability." Second, the trial court held "that the original filing in federal court was annulled because the named plaintiff . . . was not a proper party plaintiff [under the wrongful death statute] as the complaint was styled and framed in the pleadings" and that "the second filing . . . does not cure the defect in the style of the case . . . . or in the body of the complaint as it is written." The trial court noted further that "there has been no effort even now to amend this [second] complaint by asserting that Stanley Turner is the personal representative of the estate of Mattie Foster." From that order, Mr. Turner and Mr. Foster now appeal.

On appeal, Mr. Turner and Mr. Foster argue that the savings statute is applicable. They note first that Tennessee courts are liberal in permitting the addition or substitution of a proper party for an improper party plaintiff under Rules 15 and 17 of the Tennessee Rules of Civil Procedure, even when the statute of limitations would bar the filing of a new suit. Next they argue that, regardless of whether Mr. Turner was the proper party plaintiff to institute the first action, the first action was not a nullity under Tennessee law, and the lawsuit was therefore "commenced" within the meaning of the savings statute. Finally, they argue that, despite any difference between the first and second complaints, the savings statute applies because the two actions arise out of the same conduct, transaction or occurrence.

A motion for summary judgment should be granted when the movant demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

At the outset, we must set forth the pertinent statutes. Tennessee's wrongful death statute provides: "The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished . . . ." Tenn. Code Ann. § 20-5-106(a) (1994 & Supp. 2003) The claim passes first to the decedent's surviving spouse,

or to the decedent's personal representative for the benefit of the surviving spouse. ***Id.*** The wrongful death action may be filed by "the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin." ***Id.*** § 20-5-107. Amending the complaint to substitute a surviving spouse for the decedent's administrator does not create a new cause of action. ***Nashville, C. & St. L. Ry. v. Anderson***, 185 S.W. 677, 679 (Tenn. 1916).

Tennessee's savings statute, Tennessee Code Annotated section 28-1-105 provides that if an "action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action," the plaintiff may refile the action within one year, even if the statute of limitations on the claim has since run. ***See*** Tenn. Code Ann. § 28-1-105(a) (2000). Under the savings statute, the plaintiff is entitled to the same procedural benefits he would have had in the original suit. ***Energy Sav. Prods., Inc. v. Carney***, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987).

Because Tennessee law favors the resolution of disputes on their merits, the savings statute must be given a broad and liberal construction. ***Henley v. Cobb***, 916 S.W.2d 915, 916 (Tenn. 1996). The purpose behind the savings statute is " 'to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure.' " ***Id.*** at 917 (quoting ***Gen. Accident Fire & Life Assurance Corp. v. Kirkland***, 356 S.W.2d 283, 285 (Tenn. 1962)). To determine whether the savings statute is applicable, the court must ascertain whether the defendant had notice: "[N]otice to the party affected is the true test of the statute's applicability. . . . 'The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.' " ***Id.*** at 917-18 (quoting ***Burns v. People's Tel. & Tel. Co.***, 33 S.W.2d 76, 78 (Tenn. 1930)). Thus, the savings statute is only applicable when the original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties. ***See Turner v. Aldor Co. of Nashville***, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). It is not necessary that the two complaints be identical, only that the allegations arise out of the same transaction or occurrence. ***See Energy Sav. Prods., Inc. v. Carney***, 737 S.W.2d 783, 784-85 (Tenn. Ct. App. 1987) (holding that the savings statute was applicable to the second complaint, which had been amended to add a new claim, because the claim arose out of the same conduct, transaction, or occurrence alleged in the original action and the plaintiff, therefore, could have added the claim to the first action under Tennessee Rule of Civil Procedure 15). In determining whether there is identity of the parties between the two actions, we are mindful that, though the caption of a case is intended to identify the parties, the allegations of the complaint itself dictate the true parties to the lawsuit. ***Goss v. Hutchins***, 751 S.W.2d 821, 824-25 (Tenn. 1988).

We first address whether the original action was "commenced" within the meaning of the savings statute. Rule 3 of the Tennessee Rules of Civil Procedure provides simply that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." Tenn. R. Civ. P. 3. Rule 3 describes some circumstances under which the original commencement may not toll the statute of limitations, as where process is not issued within thirty days or not served within thirty days of

issuance and the plaintiff fails to obtain issuance of new process within the prescribed time. *Id.* Rule 3 does not address the effect of the filing of a lawsuit by an improper party. *See id.*

In reaching the conclusion that Turner's first complaint did not toll the statute of limitations, the trial court relied heavily on the Texas case of *McAdams v. Capitol Prods. Corp.*, 810 S.W.2d 290 (Tex. App. 1991). *See also Crowley v. Coles*, 760 S.W.2d 347, 350 (Tex. App. 1988); *Hicks v. Shively*, 137 S.W.2d 102, 103-04 (Tex. Civ. App. 1940). In *McAdams*, the plaintiff had been appointed by an Arkansas court as administratrix of her daughter's estate. *McAdams*, 810 S.W.2d at 293. In her capacity as administratrix, the plaintiff filed a lawsuit in Texas state court under the Texas Deceptive Trade Practices Act. *Id.* at 291. The lawsuit was filed within the applicable statute of limitations. *Id.* at 293. However, under Texas law, only an administrator appointed by a Texas court may file suit in Texas on behalf of an estate. *Id.* By the time a Texas court appointed the plaintiff as administrator of her daughter's estate, the statute of limitations had expired. *Id.* After receiving her Texas appointment, the plaintiff refiled the claim and sought to have her second claim relate back to the filing of the original petition.[4] *Id.* The Texas Court of Appeals held:

> [T]he filing of a petition tolls the statute of limitations as to the transaction or occurrence upon which the pleading is based. In this case, however, McAdams had no authority to file any claim in a representative capacity at the time that her original pleading was filed . . . . We hold that her filing of such a petition was a nullity insofar as [Texas' rule regarding relation back of amendments or supplements to pleadings] is concerned and consequently did not toll the statute of limitations. Therefore, her claim that she subsequently asserted in her proper capacity as administratrix appointed by a Texas court did not relate back to that petition. . . .[and] her claim was barred by the applicable statute of limitations.

*Id.* at 293. Thus, under *McAdams*, the original petition, filed by the decedent's mother before she was appointed administratrix by a Texas court, was a nullity which did not toll the statute of limitations. *Id.* The trial court in this case, relying in part on *McAdams*, held that the federal lawsuit filed by Turner was a "nullity" and did not "commence" the action within the meaning of the Tennessee savings statute.

In a case with facts somewhat similar to those in *McAdams*, the Tennessee Supreme Court has indicated a willingness to give plaintiffs more leeway when attempting to determine the proper party to file a wrongful death suit. In *Chapman v. King*, 572 S.W.2d 925 (Tenn. 1978), the plaintiff parents brought a wrongful death suit against a motorist who allegedly ran over and killed their adult daughter. *Id.* at 926. Though the suit was filed within the statute of limitations, like the *McAdams* plaintiff, the *Chapman* plaintiffs did not have standing to bring the suit. *Id.* In *Chapman*, the decedent's husband was the proper party to file the claim. *Id.* After the statute of limitations had

---

[4]Although the procedure in the *McAdams* case is somewhat unclear, it appears that the plaintiff filed amended petitions, rather than voluntarily dismissing and refiling her lawsuit. *See McAdams*, 810 S.W.2d at 291, 293.

expired, the defendants filed a motion to dismiss, asserting that the parents were not the proper parties to file suit. The decedent's husband attempted to cure the defect by moving to be substituted as plaintiff in place of the parents. *Id.* The trial court denied the motion, apparently because it was filed after the expiration of the statute of limitations. *Id.* at 927.

On appeal, the Tennessee Supreme Court noted its "liberality" in permitting a proper party plaintiff to be added or substituted for an improper party plaintiff under Rules 15.03 and 17.01 of the Tennessee Rules of Civil Procedure, even when the expiration of the statute of limitations would prevent a new lawsuit from being filed.[5] *Id.* at 927-29. The court noted this predilection toward leniency to be especially evident in wrongful death actions due to the "considerable difficulty in determining the proper party to file and prosecute the action." *Id.* at 928 & n.2. The *Chapman* court observed:

> No doubt the reason for this liberal policy in wrongful death cases has been the fact that the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff and that such a substitution does not prejudice the defendant who has had notice from the beginning of the suit, of the nature of the cause of action and that it was being pressed against him.

*Id.* at 928 (internal citations omitted). Thus, although the statute of limitations had expired when the *Chapman* plaintiffs filed their motion to substitute the proper party plaintiff, the supreme court permitted the amendment under Rule 17.01 because the substitution of the parties did not change the cause of action or prejudice the defendants. *See id.* at 928-29. Thus, the view of the Tennessee

---

[5]Rule 15.03 provides:

Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03.

Rule 17.01 provides in part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Tenn. R. Civ. P. 17.01.

Supreme Court in *Chapman* stands in contrast to the somewhat harsh reasoning employed by the Texas court in *McAdams*.

In light of the Tennessee Supreme Court's avowed liberality in permitting the substitution of a proper party plaintiff for an improper party plaintiff, even after the statute of limitations has passed, we must conclude that it was error for the trial court in this case to find that the original lawsuit was a nullity. Clearly, under *Chapman*, if the Defendants had sought to have the lawsuit dismissed on the grounds that Mr. Turner was not the proper party plaintiff, Mr. Turner would have had an opportunity to substitute the proper party plaintiff. Under these circumstances, the claim by Mr. Turner was not void but, rather, merely voidable. The Defendants cite no caselaw from Tennessee indicating that Mr. Turner could not have prosecuted the claim to its conclusion absent an objection by the Defendants. Consequently, we must hold that the original lawsuit filed by Mr. Turner in federal court "commenced" the action within the meaning of the savings statute.

If the original federal lawsuit commenced the action, we must determine whether the savings statute was applicable. As noted above, the savings statute is applicable where the original complaint and the new complaint allege substantially the same cause of action, including identity of the parties. *See Turner v. Aldor Co. of Nashville*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). The two complaints need not be identical, so long as they arise out of the same transaction or occurrence. *See Energy Sav. Prods., Inc. v. Carney*, 737 S.W.2d 783, 784-85 (Tenn. Ct. App. 1987). Here, the allegations in both actions arose out of the administration of the medication to Mrs. Foster. Further, there is identity of parties. In both lawsuits, "Stanley Turner, individually and on behalf of the heirs of Mattie Foster, deceased" was the named plaintiff. Though the captions of the two suits do not name Mr. Turner as Mrs. Foster's representative, both complaints indicate that Mr. Turner was filing in a representative capacity, as they clearly allege a wrongful death claim for her demise.[6] *See Goss v. Hutchins*, 751 S.W.2d 821, 824-25 (Tenn. 1988) (holding that though the caption named an improper party, the defect was not fatal because the proper party could be identified by the body of the complaint and there was adequate notice to the defendant). In the second lawsuit, Mr. Foster was added to the caption as the proper party plaintiff. Since both Mr. Turner and Mr. Foster were filing in their representative capacities on behalf of Mrs. Foster, the addition of Mr. Foster does not destroy the identity of parties. *See Nashville, C. & St. L. Ry. v. Anderson*, 185 S.W. 677, 679 (Tenn. 1916) (holding that the statute of limitations had not expired when a complaint was amended to substitute the decedent's administrator for the surviving spouse because "such a change of parties—that is, from the beneficiary to the representative of the beneficiary—is no change in the cause of action").

---

[6]The original complaint alleges in part: "Plaintiff, Stanley Turner, and the heirs of Mattie Foster, Deceased, are entitled to be duly compensated by the Defendants, jointly and severally, for . . . damages for pain and suffering, both physical and mental, suffered by Ms. Foster prior to her death [, as well as for] all medical expenses. . . ." In the second action, Mr. Turner and Mr. Foster allege that because of the Defendants' negligence, Mrs. Foster suffered "severe, permanent, and physical damages to her body resulting in horrific and extreme **pain and suffering**" resulting in "substantial **medical expenses** . . . **emotional distress and mental anguish** . . . [and] the loss of the **normal enjoyment of the pleasures of life**." They requested "damages for pain and suffering—both physical and mental—and medical expenses as to Plaintiff **Mattie Foster**."

Given the Tennessee Supreme Court's stated liberality in *Chapman* toward plaintiffs sometimes struggling to name the proper party plaintiff in a wrongful death action, as well as the purpose behind the savings statute, we must hold that the savings statute is applicable in this case. Despite the defects of the pleadings in the instant case, from the time they received service of process in the first action, the Defendants have been on notice that they would have to defend themselves against allegations of medical malpractice arising out of Mrs. Foster's death. With the addition of Mr. Foster in the second action, the defect in naming the proper party plaintiff was cured with no prejudice to the Defendants. Since the savings statute was applicable, the Plaintiffs' claim is not time-barred, and we find that the trial court erred in dismissing the complaint.

Accordingly, the decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs of this appeal are taxed against the Defendants/Appellees St. Joseph Hospital, Dr. Mahir Awdeh and Dr. Raj Dave, for which execution may issue, if necessary.

 

 

_____

HOLLY M. KIRBY, JUDGE