NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0673n.06
Filed: August 8, 2005

No. 04-5258

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LANEY BRENTWOOD HOMES, LLC, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| TOWN OF COLLIERVILLE, a Tennessee | ) | O P I N I O N |
| Municipal Corporation; FRED D. ROGERS, JR., | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | |
| | ) | |

BEFORE: KEITH, BATCHELDER, and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Laney Brentwood Homes, LLC, filed an action pursuant to 42 U.S.C. § 1983 against the town of Collierville, Tennessee, and Fred Rogers, Jr., Collierville's Director of Development Services, alleging that the defendants acted improperly with respect to the plaintiff's applications for certain building permits and conducted harassing inspections of its construction sites. The district court granted summary judgment in favor of the defendants. For the following reasons, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

On February 21, 2000, the application of Laney Brentwood Homes, LLC ("LBH"), for issuance of a permit to build a residence on real property designated as Lot 96 in Collierville, Tennessee, was denied by Collierville building officials. LBH appealed this denial to the Board of Zoning Appeals ("Board"), arguing that Collierville inappropriately denied the application because

LBH refused to make repairs to "public maintenance property" owned by Raintree Development Company, LLC, a company that LBH says Collierville wrongly believe was affiliated with it. The Board affirmed Collierville's denial of the application.

On June 2, 2000, LBH challenged the Board's decision by filing a petition for a writ of certiorari with the Chancery Court of Shelby County, Tennessee. Under Tennessee law, a writ of certiorari is a special petition to obtain review of an administrative board's decision. *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 386-387 (Tenn. Ct. App. 1991). LBH also joined original counts to this petition. These counts sought relief against Collierville and Rogers, including a declaratory judgment, damages for malicious harassment, and damages for state takings violations. LBH voluntarily dismissed these original counts on August 24, 2000. On October 18, 2000, the Chancery Court upheld the Board's decision. LBH appealed the Board's decision, and that appeal remains pending.

On August 24, 2001, LBH filed a new complaint in the Chancery Court against Collierville and Rogers, asserting several of the claims it had initially included in the petition for a writ of certiorari, including state law claims of malicious harassment and unlawful takings, as well as a section 1983 claim for unspecified constitutional violations. The defendants removed the case to federal court.

On March 15, 2002, the district court granted LBH leave to file an amended complaint. LBH added state claims of extortion and spoliation, and specified that the section 1983 claims were based on violations of LBH's equal protection and substantive due process rights, as well as its right to associate freely with Raintree. LBH further alleged that Collierville treated it differently from other

developers by conducting more frequent and intimidating inspections on LBH's construction sites. LBH also added new factual allegations regarding the denial of applications for building permits on October 13, 1999 for five other lots, and a temporary "stop work" order issued on October 23, 2000 for site violations on a sixth lot.

The defendants moved for summary judgment. On February 28, 2003, the district court granted summary judgment to the defendants on the section 1983 claim, holding that the claim was time-barred and, alternatively, that LBH failed to establish an equal protection or substantive due process violation. The district court declined supplemental jurisdiction over the remaining state law claims, and remanded those claims to the Chancery Court.

## II. ANALYSIS

### A. Standard of Review

We review the district court's grant of summary judgment *de novo*. *Thomas v. City of Chattanooga*, 398 F.3d 426, 428 (2005). Summary judgment is proper where the movant shows through "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

This Court "reviews *de novo* the district court's determination that a complaint was filed outside the relevant statute of limitations." *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 246-47 (6th Cir. 2000). Along the same lines, "we review *de novo* the district court's decision to deny relation back of an amended complaint to the original complaint." *Id.* at 247.

## B.  Statute of Limitations

A section 1983 action alleging a violation of civil rights or personal injuries is governed by the applicable state's statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 267-68 (1985). Tennessee, whose law applies, requires the filing of such actions within one year after the cause of action has accrued.  TENN. CODE ANN. §§ 28-3-104(a)(1) and (a)(3).  Because its cause of action accrued on February 21, 2000, the date the Board denied its application for building permits on Lot 96, the last day LBH could file a timely complaint was February 21, 2001.  Similarly, in order for LBH's claims arising from the October 13, 1999 denial of application for building permits and the October 23, 2000 "stop work" order, complaints would have to have been filed by October 13, 2000, and October 23, 2001, respectively, in order to be timely.

*1.  The Petition for Writ of Certiorari and Tennessee's Savings Statute*

LBH contends that it is entitled to the one-year grace period set forth in Tennessee's Savings Statute.  The Savings Statute provides that if an "action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . [may] commence a new action within one (1) year after the reversal or arrest."  TENN. CODE ANN. § 28-1-105.  LBH claims that it "commenced" an action against Collierville and Rogers when it joined the original counts to its writ of certiorari petition on June 2, 2000.  Although it later dismissed these original counts on August 24, 2000, LBH argues that it had one year under the Savings Statute to refile its claim, and did so on August 24, 2001.

The district court concluded that the filing of the original counts on June 2, 2000, was irrelevant because those counts were improperly joined with the certiorari petition. The district court noted that the Chancery Court does not have the authority to hear original claims that are joined to writs of certiorari. *Goodwin*, 656 S.W.2d at 386-387. Therefore, the district court began its statute of limitations analysis by examining, as the first relevant filing, LBH's August 24, 2001 complaint. As this complaint was filed one year and six months after the alleged improper permit denial on February 21, 2000 (the "February 2000 Denial"), the district court found LBH's section 1983 claim barred by the one-year statute of limitations.

Our statute of limitations analysis turns on whether the original counts joined to LBH's June 2000 certiorari petition "commenced" a suit on that date for purposed of the Savings Statute. The district court held that the Savings Statute was inapplicable because LBH never properly filed its original counts in the first instance under *Goodwin*. *See* 656 S.W.2d at 386-387. however, the district court's reasoning conflicts with Tennessee law. The Tennessee courts have maintained that the Savings Statute is to be construed liberally, and that "the true test of the statute's applicability" is whether the party affected had notice of the action. *See, e.g., Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn. 1996) (holding that even where the plaintiff files the original action in a court without venue, the Savings Statute applies if the defendants were on notice of the action). Keeping in mind Tennessee's strong preference that disputes be resolved on their merits, *see id.* at 916, LBH's improper filing of its original counts with its writ of certiorari should not automatically preclude it from applicability of the Savings Statute. For one, the defendants were on notice of the original

filing, as was contemplated by the Savings Statute. Therefore, the filing of the original counts on June 2, 2000 did "commence" an action for purposed of the Savings Statute.

The Savings Statute expands the time a plaintiff has to refile a claim when the "original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn Ct. App. 2004). "It is not necessary that the two complaints be identical, only that the allegations arise out of the same transaction or occurrence." *Id.* Here, the original counts set forth in the June 2, 2000, certiorari petition included damage claims based on the February 2000 Denial. LBH's complaint filed on August 24, 2000, echoed these damage claims and were all based on the same occurrence: the February 2000 Denial. Although LBH added a section 1983 claim, the allegations in the 2001 complaint were based on the same transaction or occurrence as the allegations in the 2000 complaint. Therefore, LBH's claims based on the February 2000 Denial are not barred by the one-year statute of limitations.

*2. Relation Back and the Continuing Violation Doctrine*

On March 15, 2002, LBH amended its complaint to add claims based on events occurring in October 1999 and October 2000. The district court determined that these new claims did not "relate back" to the August 24, 2001 filing for purposes of tolling the statute of limitations. In particular, the district court noted that the new claims did not arise out of the incident identified in the initial complaint and were not part of any "continuing violation." We agree.

An amended pleading relates back to the original pleading when the amended pleading alleges a new legal theory for the same injury, or when the amended pleading more specifically defines terms or events in the original pleading. *See Miller*, 231 F.3d 242, 248-49. The August 24, 2001 complaint specifically set forth only one improper transaction or occurrence, namely, the February 2000 Denial. By contrast, the March 15, 2002 amendment sets forth actions based on other occurrences. As a result, with regard to any claims based on occurrences outside of the February 2000 Denial, LBH's amended complaint does not relate back to the August 24, 2001 complaint.

Additionally, LBH's claims concerning the improper denial of building permit applications and imposition of delays do not constitute a continuing violation. A continuing violation occurs when there is a "longstanding and demonstrable policy of discrimination." *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105-06 (6th Cir. 1995). "Courts have been extremely reluctant to apply this doctrine outside of the context of Title VII." *Id.* at 1105 n.3. "Unrelated incidents of discrimination will not suffice to invoke this exception; rather there must be a continuing over-arching policy of discrimination." *Id*. at 1106 (internal quotation marks omitted). In *LRL Properties*, this Court faced a similar claim for a continuing violation. In that case, owners of low-income housing developments sued a local housing authority under section 1983, claiming equal protection, procedural due process, and substantive due process violations, as well as various state law violations. *Id*. at 1103. The property owners complained that the housing authority sought to replace them with developers whom the housing authority favored. The property owners alleged, among other things, that the housing authority entered into secret deals with other developers in order to buy out the plaintiffs' property; that on three occasions the housing authority refused to give

plaintiffs rent increases which were required under federal regulations; and that housing authority inspectors more rigorously enforced safety standards on plaintiffs' properties. *See* 55 F.3d at 1101-1102. We determined that the plaintiffs had alleged a "series of discrete and separate acts that, at best, are separate incidents of discrimination and are not sufficient, even when the plaintiffs' pleadings are liberally construed, to establish an 'over-arching policy of discrimination.'" *Id.* at 1106. As with the claims in *LRL Properties*, LBH has not established that Collierville engaged in a continuing, over-arching policy of discrimination. Accordingly, LBH's claim that it suffered from a continuing violation fails.

## C. Merits

LBH argues that the district court should have refrained from ruling on the merits of the case because the Chancery Court never "officially" dismissed the original counts that LBH joined in its writ of certiorari. Although LBH voluntarily dismissed these counts and refiled them, leading to their removal to federal court, LBH now claims that these counts are still pending in the Chancery Court because there was no order of dismissal as to these counts. LBH asserts that the district court should not have considered the case, citing to the doctrine of "prior suit pending" under Tennessee law. The Tennessee doctrine of "prior suit pending," however, is a state law doctrine which plainly does not apply to federal courts. *City of Newport v. Masengill Auction Co.*, 19 S.W.3d 789, 794 (Tenn. Ct. App. 1999).

A party alleging that a federal court should have abstained from hearing a matter would typically rely on a federal doctrine such as *Younger* or *Pullman* abstention. *See Younger v. Harris*,

401 U.S. 37 (1971); *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). Under these doctrines, the federal court would abstain from deciding a case that is pending in state court on the grounds of comity and federalism. There is no reason why the district court should have abstained from hearing the removed claims here, given that the Chancery Court could not have entertained the original claims as they were improperly filed. Thus, the federal court would not be interfering with any state court proceeding under either *Younger or Pullman*. *See also Southland Mall, Inc. v. Garner*, 455 F.2d 887 (6th Cir. 1972) (finding that abstention would be inappropriate where the plaintiff appealed the property valuation decision of the State Board of Equalization to state court and then filed a separate claim in district court seeking a refund of property taxes, because the "remedies available to Appellant in this type of state court proceeding convinces us that there is no possibility that any decision in the state court could eliminate the need for facing the constitutional question presented here"). Accordingly, the district court was within its province to rule on the merits.

Turning to the merits of LBH's section 1983 claim, LBH has failed to allege properly a violation of any federal right. Although LBH has advanced a plethora of claims, LBH has not sufficiently advanced any argument in support of these claims. Thus, the district court did not err in dismissing such claims.

We note further that LBH has failed to provide any reason why the February 2000 Denial was a violation of LBH's right under the equal protection clase. As the district court noted, LBH has not claimed that it was a member of any suspect class; hence, it would have the burden of showing that the permit denial was improper under rational basis review. *Muller v. Lujan*, 928 F.2d

207, 210 (6th Cir. 1991). By all accounts, Collierville granted several other permits to LBH, and the denial of the subject application in February 2000 was to ensure the repair of other property. LBH has simply not shown how this denial was irrational. Accordingly, the district court properly dismissed this claim. Further, the district court correctly denied LBH's substantive due process claim because the February 2000 Denial did not "shock the conscience," as would be required for a constitutional remedy. *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993). As with our ruling in *LRL Properties* that alleged actions by government officials did not "shock the conscience," LBH's claims do not meet this standard. LBH's remaining allegations that the permit denial violated its right to associate with Raintree and constituted a taking, also lacks merit. LBH has proffered no reason why the denial of its application infringed on its right to associate with Raintree in any way that is proscribed by the First Amendment. *See generally Hill v. Mitchell*, 400 F.3d 308, 335 (6th Cir. 2005) (noting the burden on parties to make some effort at developed argumentation beyond perfunctory assertions). Similarly, LBH has set forth no sound basis for its takings claim.

## III. CONCLUSION

For the preceding reasons, we hereby **AFFIRM** the judgment of the district court.