# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 9, 2011 Session

## PAULETTA C. CRAWFORD, ET AL. v. EUGENE KAVANAUGH, M.D.

**Appeal from the Circuit Court for Hamblem County**
**No. 10CV257    Thomas J. Wright, Judge**

---

**No. E2011-00696-COA-R3-CV-FILED-NOVEMBER 21, 2011**

---

This is a medical malpractice case in which Pauletta C. Crawford ("Wife") and James Crawford ("Husband") filed suit against Eugene Kavanaugh, M.D. ("Doctor").  While the suit was pending, Tennessee Code Annotated section 29-26-122 was amended to require the contemporaneous filing of a certificate of good faith with complaints alleging medical malpractice.  Husband and Wife (collectively the "Crawfords") dismissed their suit and filed a new complaint that did not include a certificate of good faith.  Doctor filed a motion to dismiss, and the court dismissed the case.  The Crawfords appeal.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Bob McDaniel Green, Johnson City, Tennessee, for the appellants, Pauletta C. Crawford and James Crawford.

Edward G. White, II, and E. Michael Brezina, III, Knoxville, Tennessee, for the appellee, Eugene Kavanaugh, M.D.

## OPINION

## I. BACKGROUND

Doctor performed a cystoscopy, retrograde pyelogram, and a brush biopsy of the ureter on Wife on November 1, 2005.  Following the procedures, Doctor learned that Wife's

ureter brushing contained "rare atypical urothelial cells" and "scattered groups of urothelial cells with mild reactive changes." On November 15, 2005, Doctor performed a right uretectomy and ureteroneocystostomy on Wife. Days after the November 15 procedures, Wife experienced "nausea and vomiting, electrolyte changes, hypokalemia, and infection around the incision[,] and pneumonia." While another doctor was performing an unrelated surgery on Wife in December, it was discovered that Wife possibly had a bowel obstruction. With Doctor's assistance, Wife underwent further surgery to remedy problems with her bowel. According to Wife, she spent "many additional weeks" in the hospital and "many months of recuperation and rehabilitation" as a result of the November 15 procedures. Wife believed that Doctor's November 15 procedures caused her "pain [and] suffering" and necessitated "additional surgical intervention" to remedy the problems with her bowel.

The Crawfords initially filed suit against Doctor on November 17, 2006. Before the suit went to trial and approximately two years after the suit was initially filed, the legislature amended the Medical Malpractice Act (the "Act"), creating notice and filing requirements. The Act was amended again in 2009 and substantial revisions to Tennessee Code Annotated section 29-26-122 were enacted. The second amendment provided, in pertinent part,

> In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

Tenn. Code Ann. § 29-26-122(a). The certificate must provide that

> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> > (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
> > (B) Believe, based upon the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good

faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based upon the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115.

Tenn. Code Ann. § 29-26-122(a). More than three months after the effective date of the second amendment, the Crawfords voluntarily dismissed their suit against Doctor.

The Crawfords then filed a new complaint against Doctor within one year of the dismissal of the first suit and more than one year after the effective date of the second amendment. *See* Tenn. Code Ann. § 28-1-105(a) (providing that a party may re-file their suit within one year of dismissal or reversal of the initial suit that was rendered on any ground not concluding the action). The new complaint did not include a certificate of good faith. Doctor filed a motion to dismiss, citing the absence of the certificate of good faith. The court dismissed the case, finding that the Crawfords had failed to file a certificate of good faith as required by Tennessee Code Annotated Section 29-26-122.[1] This appeal followed.

---

[1]The Crawfords also failed to comply with the notice requirement applicable to medical malpractice actions filed on or after October 1, 2008. Failure to satisfy the notice requirement was not necessarily dispositive of the case. *See Jenkins v. Marvel*, 683 F. Supp. 2d 626, 638-39 (E.D. Tenn. 2010); *Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at *16 (Tenn. Ct. App. June 24, 2010), *perm app. dismissed* (Tenn. Jan. 19, 2011). In any event, this issue was not raised in this appeal.

## II. ISSUE

We consolidate and restate the issue raised by the Crawfords as follows:

Whether the trial court erred in granting the motion to dismiss when the initial complaint was filed well before the legislature enacted the certificate of good faith filing requirement in Tennessee Code Annotated section 29-26-122.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof[;] therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau–Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). In determining whether the trial court erred in granting the motion to dismiss, this court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* The complaint "should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would warrant relief." *Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

Medical malpractice claims are a specialized type of negligence action. Such actions in this state are controlled by the medical malpractice statutes. In order to prevail in such an action, the plaintiff must prove: (1) the recognized standard of professional care; (2) that the defendant failed to act in accordance with the applicable standard of care; and (3) that as a proximate result of the defendant's negligent act or omission, the plaintiff suffered an injury which otherwise would not have occurred. Tenn. Code Ann. § 29-26-115. If expert testimony is required to prove the medical malpractice claim, the plaintiff must include a certificate of good faith with their complaint, evidencing that a medical expert has reviewed their claim and found their claim to be meritorious, or risk dismissal of the claim with prejudice. *See* Tenn. Code Ann. § 29-26-122(a). Here, a certificate of good faith was never filed.

The Crawfords contend that the trial court erred in applying the portion of Tennessee Code Annotated section 29-26-122 that was amended to include the requirement of a contemporaneous filing of a certificate of good faith. They assert that the amendment of the

statute was a substantive change in the law that could not be applied retroactively to their case that was initially filed prior to the amendment. They acknowledge cases from this court that have held otherwise but argue that this court failed to determine whether the amendment was procedural or substantive and that such an analysis is necessary in this case. Doctor responds that the second suit filed by the Crawfords pursuant to the saving statute was a new action, subject to the filing requirement in place at the time of filing.

The Crawfords voluntary dismissed their initial complaint pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure, which provides, in pertinent part,

> (1) Subject to [certain rules], and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action *without prejudice*[.]

(Emphasis added). The Crawfords filed their second complaint pursuant to the saving statute codified in Tennessee Code Annotated section 28-1-105 and entitled as "New Actions." As applicable to this case, the saving statute provides,

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a *new action* within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a) (emphasis added). A new action is commenced by filing a complaint with the clerk of court. *Frazier v. E. Tennessee Baptist Hosp., Inc.*, 55 S.W.3d 925, 928 (Tenn. 2001). While the new action does not have to include the identical claims as the prior complaint, the new action must "allege substantially the same cause of action," including "identity of the parties." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004). A plaintiff filing a new action is entitled to "the same procedural and substantive benefits which were available to the plaintiff in the first action." *Energy Sav. Prods., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) (providing that in actions filed pursuant to the saving statute, a plaintiff may amend a complaint to include a claim arising out of and part of the "conduct and transaction" alleged in the initial complaint). This does not mean that the plaintiff may ignore the filing requirements that are in place at the time the new complaint is filed. This court has consistently held that plaintiffs must comply with the filing requirements that are in existence at the time the new complaint is filed. *Myers v. AMISUB (SFH), Inc.*, No. W2010-00837-COA-R9-CV, 2011 WL 664753, at *2

(Tenn. Ct. App. Feb. 24, 2011), *perm. app. granted* (Tenn. Aug. 23, 2011); *Barnett v. Elite Sports Med.*, No. M2010-00619-COA-R3-CV, 2010 WL 5289669, at *2 (Tenn. Ct. App. Dec. 17, 2010).

When the Crawfords filed their initial complaint in 2006, they were not required to file a certificate of good faith. *See* 2008 Tenn. Pub. Acts, ch. 919 (codified as Tenn. Code Ann. § 29-26-122). When the new action was filed, it proceeded as its own cause of action "that must stand or fall on its own." *Robles v. Vanderbilt Univ. Med. Ctr.*, No. M2010-01771-COA-R3-CV, 2011 WL 1532069, at *3 (Tenn. Ct. App. Apr. 19, 2011), *perm. app. denied* (Tenn. Aug. 25, 2011). We believe the new action "was governed by the statutory provisions which became effective as amended on July 1, 2009." *Myers*, 2011 WL 664753, at *2 (citing *Howell*, 2010 WL 2539651, at *16). In *Howell*, this court held that the trial court abused its discretion in not excusing compliance with the medical malpractice notice requirement that went into effect five days before the parties' suit was filed under the saving statute. 2010 WL 2539651, at *16-17. Likewise, we hold that the new action filed by the Crawfords was subject to the statutory requirements in place at the time of filing and that absent extraordinary cause, failure to comply with these requirements merited dismissal of the case with prejudice pursuant to Tennessee Code Annotated section 29-26-122.

In so holding, we acknowledge the cases cited by the Crawfords in support of their argument but ultimately conclude that reliance on those cases is misplaced. *See Williams v. United States*, 754 F. Supp. 2d 942 (W.D. Tenn. 2010); *Estate of Bell v. Shelby County Health Care Corp.*, 318 S.W.3d 823 (Tenn. 2010). In *Williams*, the federal district court held that the newly enacted medical malpractice certificate requirement was a substantive change in the law, requiring compliance by the plaintiff even though the action was filed in federal court. 754 F. Supp. 2d at 948-53. In *Bell*, the Tennessee Supreme Court held that a substantive change in the law regarding a cap on damages under the Governmental Tort Liability Act was not applicable to a claim for damages that had vested prior to the change. 318 S.W.3d at 833. Analogizing their case with *Williams* and *Bell*, the Crawfords argue that the enactment of the certificate of good faith filing requirement was a substantive change in the law. They opine that before the certificate of good faith requirement was passed, they had a vested right to proceed through discovery without producing a certificate of good faith indicating that they had consulted with a medical expert. They assert that this substantive change in the law cannot disturb their vested right of unimpeded discovery. We find this claim unavailing regardless of whether the enactment of the contemporaneous filing of the certificate of good faith requirement was a substantive or procedural change in the law.

Here, the Crawfords had a distinct advantage when they filed the second suit because they had proceeded through nearly three years of litigation before voluntarily dismissing their first suit. Thus, they had ample time in the first lawsuit to interview experts, conduct

discovery, and develop their claim. Even if they had not experienced nearly three years of litigation while pursuing their first suit, the second suit was filed more than one year after the filing requirement became effective, thereby providing them with ample time in which to learn of the requirement and find a competent medical expert who could produce a signed, written statement indicating that they had a good faith basis to bring the claim. The certificate of good faith filing requirement was included in the Act to ensure that only meritorious medical malpractice claims are filed. *Howell*, 2010 WL 2539651, at *16. That purpose is still implicated when a party voluntarily dismisses his or her suit and then re-files the suit after the effective date of the Act and subsequent amendments. Accordingly, we conclude that the trial court did not err in dismissing the complaint because the Crawfords failed to file a certificate of good faith contemporaneously with the complaint.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Pauletta C. Crawford and James Crawford.

_____
JOHN W. McCLARTY, JUDGE